■ CYNTHIA L. LEAR, as Coadministratrix of the Estate of HAROLD L. BALDWIN, Deceased, Respondent, v GENESEE MEMORIAL HOSPITAL, Appellant, et al., Defendants. [678 NYS2d 228] —Order unanimously reversed on the law without costs, motion granted and third and fourth causes of action dismissed. Memorandum: Supreme Court erred in denying the motion of defendant Genesee Memorial Hospital (Hospital) for summary judgment dismissing the third and fourth causes of action. The

record establishes that plaintiff's decedent came to the Hospital's emergency department and, after being examined by Hospital employees, was admitted to the Hospital under the care of his private attending physician. Six days later, decedent was discharged from the Hospital pursuant to the order of his physician.

The third cause of action alleges that the Hospital violated the Emergency Medical Treatment and Active Labor Act of 1986 ([EMTALA] 42 USC § 1395dd) by discharging decedent without first having stabilized his emergency medical condition (42 USC § 1395dd [b]) or, in the alternative, that the Hospital failed to provide a transfer in accordance with 42 USC § 1395dd (c). The fourth cause of action alleges that the Hospital violated EMTALA by failing to comply with 42 USC § 1395dd (c) when transferring decedent.

The purpose of EMTALA is to combat "patient dumping" by hospitals based on a patient's financial condition or lack of health insurance (*see, DiGicomo v St. Joseph's Hosp. & Health Ctr.*, 182 AD2d 1106). "A patient is 'dumped' when he or she is shunted off by one hospital to another, the second one being, for example, a so-called 'charity institution' " (*Summers v Baptist Med. Ctr. Arkadelphia*, 91 F3d 1132, 1136 [8th Cir 1996]). Pursuant to EMTALA, a hospital must provide an appropriate medical screening examination of an individual presented to the hospital's emergency medical department to determine whether an emergency medical condition exists (42 USC § 1395dd [a]). Upon determining that an emergency medical condition exists, the hospital must provide for such further medical examination and such treatment as is required to stabilize the condition (42 USC § 1395dd [b] [1] [A]; *see, Vickers v Nash Gen. Hosp.*, 78 F3d 139, 142 [4th Cir 1996]). " 'EMTALA is not a federal malpractice statute * * * claims of misdiagnosis or inadequate treatment are left to the state malpractice arena' " (*Summers v Baptist Med. Ctr. Arkadelphia, supra*, at 1137). EMTALA does not protect a patient from improper diagnosis or treatment; rather, it "create[s] a new cause of action, generally unavailable under state tort law, for what amounts to failure to treat" (*Gatewood v Washington Healthcare Corp.*, 933 F2d 1037, 1041 [DC Cir 1991]).

Here, plaintiff admits that the Hospital appropriately screened decedent at its emergency department to determine whether an emergency medical condition existed and that, six days after decedent was admitted to the Hospital, he was discharged by his private attending physician. Because "the stabilization requirement was intended to regulate the

hospital's care of the patient only in the immediate aftermath of the act of admitting her for emergency treatment", the third cause of action asserting a violation of EMTALA based on the Hospital's failure to stabilize the emergency medical condition of decedent before discharging him may not be sustained (*Bryan v Rectors & Visitors of Univ. of Va.*, 95 F3d 349, 352 [4th Cir 1996]; *see, Scott v Hutchinson Hosp.*, 959 F Supp 1351, 1359-1361). The fourth cause of action, which asserts that the Hospital violated EMTALA by failing to transfer decedent in accordance with 42 USC § 1395dd (c), also may not be sustained because that section applies only to the transfer of an individual "to another medical facility" (42 USC § 1395dd [b] [1] [B]). Consequently, we reverse the order, grant the motion for summary judgment and dismiss the third and fourth causes of action. (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Callahan, JJ.